**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE  DIVISION**

**CIVIL NO. 1:08CV199-02
(1:06CR30-02)**

| | |
|---|---|
| **TAMMIE RAINES SANDERS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, filed May 1, 2008.  No response is necessary from the Government.

## I.  STANDARD OF REVIEW

A prisoner in federal custody may attack her conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  **28 U. S. C. §2255**.  However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the
> movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United
States District Courts.** The Court, having reviewed the record of the
criminal proceedings, enters summary dismissal for the reasons stated
herein.

## II.  PROCEDURAL HISTORY

On April 4, 2006,  Petitioner and her husband, Billy Joe Sanders,
were charged with conspiracy to manufacture and possess with intent to
distribute various quantities of mixtures of methamphetamine, said
conspiracy allegedly having involved the manufacture of methamphetamine
and the creation of a substantial risk of harm to a minor, other human life
and/or the environment, all in violation of  21 U.S.C. §§ 841(a)(1) and 846.
 **Bill of Indictment, filed April 4, 2006**.

On September 6, 2006, Petitioner entered into a written plea
agreement with the Government wherein she agreed to plead guilty to the
single charge set forth in the indictment.  **Plea Agreement, filed**

**September 6, 2006**.  With respect to the offense conduct, the parties stipulated that the amount of methamphetamine that was known to or reasonably foreseeable by Petitioner was "at least 350 grams but less than 500 grams."  *Id*. **at 2**.  Also, Petitioner stipulated that a three-level increase in her offense level was applicable pursuant to U.S.S.G. § 2D1.1(b)(6)(C) (2006) by virtue of having exposed her minor children to a substantial risk of harm by manufacturing methamphetamine in her home.  Furthermore, the plea agreement contained provisions by which Petitioner expressly waived her right to contest her conviction and/or sentence on any grounds except ineffective assistance of counsel, prosecutorial misconduct, or on the ground that her sentence was inconsistent with the explicit stipulations set forth in the plea agreement.  *Id*. **at 5**.

On September 15, 2006, Petitioner appeared with counsel before the Magistrate Judge to formally enter her plea.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed September 15, 2006**.  At that hearing, the Magistrate Judge placed Petitioner under oath and engaged her in a lengthy colloquy to ensure that her guilty plea was voluntarily and knowingly tendered.  *Id*.  The Magistrate Judge specifically asked Petitioner if she had reviewed her indictment and understood the charge

and its corresponding penalties.  *Id*. **at 3-4**.  Under oath, Petitioner stated that she had reviewed the charge with counsel and understood it, its essential elements, and the maximum penalties she was facing.  *Id*. Further, the Magistrate Judge asked Petitioner if she and counsel had discussed her right to appeal and if she understood that by signing the plea agreement and entering the guilty plea, she would be greatly limiting her rights to contest her conviction and sentence.  *Id*. **at 7-8**.  Again, under oath, Petitioner stated that she understood and accepted those limitations and agreed with the terms of her plea agreement.

In response to additional questioning by the Magistrate Judge, Petitioner stated, under oath, that she had been afforded ample time to discuss possible defenses with her attorney and had told counsel everything she wanted him to know about her case; that she understood if she received a sentence which was more severe than she expected or if the Court did not accept any sentencing recommendations, she still would be bound by her guilty plea; that her guilty plea was voluntarily made and was not the result of coercion, threats or promises other than those contained in her plea agreement; that she was, in fact, guilty of the subject charge; and that she was entirely satisfied with the services of her

attorney. *Id*. **at 6-8**. After hearing Petitioner's answers to each question, the Magistrate Judge found that her guilty plea was knowingly and voluntarily entered and made and that she understood the charges, penalties and consequences of her plea. *Id.* **at 9**. Accordingly, the Magistrate Judge accepted Petitioner's guilty plea. *Id*.

On May 2, 2007, Petitioner appeared before the undersigned for a factual basis and sentencing hearing, during which she stipulated that there was a factual basis to support her guilty plea. **Transcript of Sentencing Hearing, filed September 8, 2008, at 2**. In addition, Petitioner affirmed that counsel had reviewed her presentence report with her and that she understood its contents. *Id*. **at 2-3.**

Next, the Government agreed to strike the enhancement for the firearm, thereby reducing her total offense level to 28. *Id*. **at 4.** After hearing from the parties, the Court sentenced Petitioner to 120 months imprisonment and five years of supervised release. **Judgment in a Criminal Case, filed May 15, 2007**. Petitioner did not appeal her conviction or sentence.

On July 19, 2007, the Government filed a motion to reduce Petitioner's sentence pursuant to Rule 35(b) of the Federal Rules of

Criminal Procedure in consideration of her substantial assistance.  **Rule 35 Motion, filed July 19, 2007**.  The Court granted the motion and reduced Petitioner's sentence from a term of 120 months to a term of 60 months imprisonment.  **Order, filed July 20, 2007**.

On May 1, 2008, Petitioner timely filed her § 2255 motion alleging that: (1) her attorney was ineffective for having failed to discuss the contents of the plea agreement with her and for advising her that she would receive a probationary sentence; (2) the enhancement for Petitioner's having posed a danger to her minor children should have been alleged in the bill of indictment and ruled upon by a jury; (3) the plea agreement attempts to hold Petitioner responsible for more drugs than contained in the presentence report; and (4) the testing of Petitioner's son for exposure to methamphetamine was improper.

## III.  DISCUSSION

### A.  Petitioner's claims of ineffective assistance of counsel are baseless

Petitioner first alleges that she was subjected to ineffective assistance of counsel because counsel failed to review the contents of the

plea agreement with her and advised her that she would receive a probationary sentence. **Motion, at 14**.

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that she was prejudiced thereby. ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689**; ***see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1985)**; ***Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983)**; ***Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977)**.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to her "'*actual* and substantial disadvantage, infecting [her] trial with error of constitutional dimensions.'" ***Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982))**. Under these circumstances, Petitioner "bears the burden of proving *Strickland* prejudice." ***Fields*, *supra*, at 1297 (citing *Hutchins*, *supra*)**. Therefore, if Petitioner fails to meet this burden, a

"reviewing court need not consider the performance prong." ***Id*. at 1290 (citing *Strickland*, 466 U.S. at 697)**.

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea must meet an even higher burden. ***See, Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985); *Fields, supra*, at 1294-99; *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988)**. The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. [The petitioner] "must show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial."

***Id*. (quoting *Hill, supra,* at 59); *accord Fields, supra,* at 1297**.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent "clear and convincing evidence to the contrary." ***Fields*, at 1299 (citing *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977)); *accord United States v. Lemaster*, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of § 2255 motion, including ineffective**

**assistance claim, noting inconsistent statements made during Rule 11 hearing).**

Applying the foregoing principles to Petitioner's allegations, it is apparent that she cannot prevail in this matter. Indeed, it has not escaped the Court's attention that Petitioner does not assert that but for counsel's alleged ineffectiveness, she would have pled not guilty and insisted upon going to trial. Thus, notwithstanding any other matters, Petitioner's claim against counsel is doomed by that failure.

Petitioner argues that counsel was ineffective for having failed to review the plea agreement with her and for having advised her that she would receive a probationary sentence. However, a review of the Rule 11 proceeding establishes that the Petitioner's sworn statements to the Magistrate Judge stand in stark conflict with her belated, self-serving allegations.

Indeed, Petitioner's sworn answers to the Magistrate Judge's questions tend to establish that she and counsel reviewed the plea agreement, the charge to which Petitioner was pleading guilty, and the elements which were necessary to prove the offense. **Rule 11 Inquiry and Order of Acceptance of Plea,** *supra***, at 3**. In addition, the record contains

Petitioner's representations that she understood the Court's admonition that she was facing an active term of imprisonment; and that even if she received a sentence which was more severe than she was expecting, she still would be bound by her guilty plea. *Id*. **at 4-6**. Furthermore, Petitioner's answers tend to establish that no one had made her any promises other than those set out in her written plea agreement and that she was satisfied with counsel's services. *Id*. **at 7-8**.

As for the plea agreement itself, that document reflects Petitioner's understanding that her guilty plea would expose her to an active term of imprisonment, not a probationary sentence. **Plea Agreement, *supra*, at 1.** It also sets forth Petitioner's understanding that her sentence had not yet been determined and that "any estimate from any source, including defense counsel, of the likely sentence [wa]s a prediction rather than a promise . . . ." *Id*. **at 2**. Equally critical, Petitioner's plea agreement reflects her understanding that her term of imprisonment could only be reduced if she provided what the Government, in its sole discretion, deemed to be substantial assistance. In fact, the Government kept its end of the bargain and not only made a successful motion to the Court pursuant to 18 U.S.C. § 3553(e) for a downward departure of the sentence below the statutory

term, but also a Rule 35 motion which further reduced Petitioner's term of imprisonment. *Id*. **at 7-8;** *see also*, **Rule 35 Motion,** *supra*.

Petitioner is bound by the statements she made at her plea and Rule 11 hearing and those statements cannot be set aside merely on the basis of her post-judgment assertions to the contrary. Rather, Petitioner's statements "constitute a formidable barrier" to this post-judgment attack. *Blackledge,* **431 U.S. at 73-74**. In sum, the Court finds that Petitioner has failed to satisfy either prong of the *Strickland* test and, therefore, her claim of ineffective assistance of counsel must fail.

**B.** **Petitioner's remaining claims are barred by the terms of her Plea Agreement and/or procedurally defaulted**

Petitioner's motion also seeks to challenge her three-level offense enhancement, the quantity of drugs to which she stipulated in her plea agreement, and the circumstances of her minor son having been tested for methamphetamine exposure. However, by the terms of her plea agreement, Petitioner waived her right to raise these proposed claims. Moreover, as was previously noted, during her plea and Rule 11 hearing, Petitioner swore under oath that she understood that she was limiting her right to raise this type of  post-conviction challenge to her conviction and/

or sentence. Accordingly, it is clear that Petitioner's remaining claims do not fit within the exceptions to the waiver set forth in her plea agreement.

The Fourth Circuit repeatedly has approved the knowing and voluntarily waiver of a defendant's appellate rights. *See United States v. Cohen,* **459 F.3d 490, 493-95 (4th Cir. 2006),** *cert. denied*, **127 S. Ct. 1169 (2007);** *United States v. Johnson*, **410 F.3d 137, 151-53 (4th Cir. 2005);** *United States v. Blick*, **408 F.3d 162, 172 (4th Cir. 2005)**. Furthermore, the Fourth Circuit recently has expanded the general rule concerning appeal waivers to hold that a defendant may waive in a plea agreement her rights under § 2255 to attack her conviction and sentence collaterally. *Lemaster, supra.* Because Petitioner has not alleged that her plea agreement is invalid, the Court finds that the agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to her current attempt to challenge her conviction and sentence on the grounds raised in her motion to vacate.

Furthermore, even if Petitioner had not validly waived her right to raise her remaining claims in this § 2255 proceeding, she still is not entitled to any review because she has procedurally defaulted her claims. "In order to collaterally attack a conviction or sentence based upon errors that could

have been but were not pursued on direct appeal, the movant must show

cause and actual prejudice resulting from the errors of which he

complains[,] or he must demonstrate that a miscarriage of justice would

result from the refusal of the court to entertain the collateral attack."

***United States v. Mikalajunas***, **186 F.3d 490, 492-93 (4ᵗʰ Cir. 1999)**

**(citing *Frady*, 456 U.S. at 167-68); *see also Bousley v. United States*,**

**523 U.S. 614, 621 (1998) (*habeas* review is an extraordinary remedy**

**and will not be allowed to do service for an appeal; and failure to**

**challenge a matter on direct appeal, absent certain compelling**

**circumstances, bars collateral review of same); *Stone v. Powell*, 428**

**U.S. 465, 477 n.10 (1976)**.

Petitioner did not file a direct appeal in the underlying criminal case

and the instant motion to vacate fails to allege that cause and prejudice

exist to excuse her procedural default.  Further, Petitioner does not allege

that she actually is innocent.  Accordingly, Petitioner's failure to raise these

claims on direct review resulted in her procedural default of them and such

failure precludes this Court from now considering the claims.

# IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED** and the action is dismissed by way of Judgment filed herewith.

Signed: September 11, 2008

Lacy H. Thornburg
United States District Judge