# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV200-03
## (1:06CR30-02)

| | |
|---|---|
| TAMMIE RAINES SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, filed September 22, 2008. No response is necessary from the Government.

As was more fully recounted in this Court's Memorandum and Order entered September 12, 2008, Petitioner was charged with conspiracy to manufacture and possess with intent to distribute various quantities of mixtures of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. **Bill of Indictment, filed April 4, 2006**. On September 6, 2006, Petitioner entered into a written plea agreement with the Government

wherein she agreed to plead guilty to the single charge set forth in the indictment.  **Plea Agreement, filed September 6, 2006**.

On September 15, 2006, Petitioner appeared with counsel before the Magistrate Judge and formally entered her guilty plea.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed September 15, 2006**.  At the conclusion of that proceeding, the Magistrate Judge found that Petitioner's guilty plea was knowingly and voluntarily entered and made with a full understanding of the charges, penalties and consequences of such plea.  *Id.* **at 9**.  Accordingly, the Magistrate Judge accepted Petitioner's guilty plea.  *Id*.

On May 2, 2007, Petitioner appeared before the Court for a factual basis and sentencing hearing, during which she stipulated that there was a factual basis to support her guilty plea.  **Transcript of Sentencing Hearing, filed September 8, 2008, at 2**.  Ultimately, after considering all of the pertinent matters the Court sentenced Petitioner to 120 months imprisonment.  **Judgment in a Criminal Case, filed May 15, 2007**.

On July 19, 2007, the Government filed a motion to reduce Petitioner's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure in consideration of her substantial assistance.  **Rule 35**

**Motion, filed July 19, 2007**. The Court granted that motion and reduced Petitioner's sentence from a term of 120 months to a term of 60 months imprisonment. **Order, filed July 20, 2007**.

On May 1, 2008, Petitioner timely filed a motion to vacate under § 2255 seeking relief from her sentence. Relevant to the instant motion, one of Petitioner's claims alleged that her attorney was ineffective for erroneously advising her that she would receive a probationary sentence. The undersigned dismissed Petitioner's motion on the grounds that she failed to demonstrate that she was entitled to any relief. *See* **Memorandum and Order and Judgment, filed September 12, 2008.** Specifically with respect to her claim that counsel erroneously had advised her that she would receive a probationary sentence, the Court found that the record belied the claim in that it contains both Petitioner's sworn acknowledgment that her Plea Agreement exposed her to at least 10 years imprisonment, not a probationary sentence, and it contains her understanding that any sentencing estimate was a non-binding prediction. *Id.* at 9-11. Therefore, Petitioner could not establish that she was prejudiced by trial counsel's alleged misrepresentation. *Id*.

	Now, Petitioner has returned on the instant motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.  By her motion, Petitioner seeks to challenge the summary dismissal of her motion to vacate.  Petitioner argues that even after she entered her guilty plea, trial counsel continued erroneously to advise Petitioner and others that Petitioner was facing "'very little time' at most and most likely would receive probation[.]"  **Petitioner's Motion, at 1.**  Petitioner further asserts that subsequent to her former attorney's representation of her, counsel's license to practice law was nearly suspended by the North Carolina Bar for misconduct in another case; and that the Magistrate Judge had expressed "serious concerns" regarding former counsel's representation of both Petitioner and Petitioner's co-Defendant/spouse.[1]  Notwithstanding her apparent beliefs to the contrary, however, Petitioner's Rule 59 motion must be rejected.

	The Fourth Circuit has recognized that Rule 59(e) – the only subsection which arguably could apply to Petitioner's motion – can be

---

[1] As a result of these concerns, the Magistrate Judge directed both Petitioner and his spouse to file waivers of their respective rights to conflict-free representation.  **See Waiver of Right to Conflict-Free Representation, filed July 17, 2006.**

granted, "(1) "to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." **Clapper v. Chesapeake Conference of Seventh-Day Adventists, 166 F.3d 1208 (table), 1998 WL 904528, at \*5 (4th Cir. 1998) (quoting Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)).** However, a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." **Clapper, supra (quoting 11 Wright, Miller and Kane, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995))**.

In the instant case, none of the foregoing three grounds is apposite here since Petitioner has not cited an intervening change in the law, she does not assert that the proffered information previously was not available, and she does not claim that this Court made a clear error of law. Therefore, on this basis, Petitioner's motion must be denied.

Alternatively, the Court rejects Petitioner's motion as a successive petition filed without authorization by the Fourth Circuit Court of Appeals.[2]

---

[2] The Court is aware that at least one circuit, has concluded that Rule 59 motions are not subject to the statutory limitations on successive collateral attacks on criminal judgments. See **Curry v. United States**, 307

That is, to the extent the Petitioner is raising new arguments or proffering new evidence to challenge the Court's earlier dismissal of her motion to vacate, the Court finds that it lacks jurisdiction to consider those matters. Indeed, the Antiterrorism and Effective Death Penalty Act of 1996 places limitations on prisoners' abilities to file post-judgment challenges to their collateral proceedings. The Fourth Circuit has determined that motions

---

**F.3d 664 (7ᵗʰ Cir. 2002)**. However, several other courts have reached the opposite conclusion. **See United States v. Bovie, 28 F. App'x 734, 735 (10ᵗʰ Cir. 2001) ("We see no distinction between the Rule 60(b)(6) motions in those cases and the Rule 59(e) motion filed by Mr. Bovie here[]" for purposes of successive petition analysis); Peterson v. Brennan, 2004 WL 1505253, at *9 (E.D. Pa. 2004) (noting that both Rule 59(e) and Rule 60(b) trigger the AEDPA limitation on successive petitions); United States v. Culp, 2001 WL 789417 (D. Kan. 2001) (construing post-judgment Rule 59(e) motion as a second § 2255 petition under AEDPA); Bisaccia v. United States, 2000 WL 1677747, at *2 (E.D. N.Y. 2000) ("Rule 59 is no more available than Rule 60 as a vehicle for circumventing the statutory bar to successive § 2255 petitions."); Alley .v Bell, 101 F. Supp. 2d 588, 669 (W.D. Tenn. 2000) (where Rule 59 (e) motion reiterates claims previously rejected, its character places it within the category of cases proscribed by successive petition doctrine); United States v. Anderson, 1998 WL 512991 (E.D. La. 1998) (construing Rule 59(e) motion as a second § 2255 petition)**. Indeed, the Fourth Circuit seems to have rejected a *per se* rule and instead requires courts to examine the substance of the particular motion to reconsider in order to determine whether it is the functional equivalent of a successive petition. **United States v. Winestock, 340 F.3d 200, 206-07 (4ᵗʰ Cir. 2003) (holding that district court must examine motions to reconsider in collateral review cases to determine whether they are tantamount to successive petitions).**

directly attacking prisoners' convictions or sentences, no matter how captioned, are successive collateral review applications. ***United States v. Winestock,*** **340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)).** As such, those motions must be denied "when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" ***Id.*** To put it another way, "a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment[,]" or one raising "new legal arguments" or proffering additional evidence, "will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing [her] collateral attack on [her] conviction or sentence. ***Id.* at 207**. Consequently, such a claim would be subject to dismissal if not properly authorized in accordance with the provisions of 28 U.S.C. § 2244.[3]

In the present case, Petitioner's arguments assert additional information in support of her claim that counsel was ineffective for having

---

[3] Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

misrepresented Petitioner's sentencing exposure. Such motion does not seek a remedy for some alleged defect in this Court's collateral review process. In sum, therefore, Petitioner was required to secure pre-filing authorization before raising such successive arguments and, in the absence of that authorization, this Court lacks jurisdiction to consider them.

**IT IS, THEREFORE, ORDERED** that Petitioner's Rule 59 motion for new trial is **DENIED**.

Signed: October 6, 2008

Lacy H. Thornburg
United States District Judge